# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ROBERT ANDREW REED, | : | CIVIL ACTION |
| --- | --- | --- |
| Petitioner | : | |
| | : | |
| v. | : | NO. 19-2355 |
| | : | |
| SEAN MARLER, WARDEN, *et al.,* | : | |
| Respondents. | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                               **October 25, 2019**

The Superior Court of the District of Columbia tried, convicted, and sentenced Robert Andrew Reed for stalking, threatening to kidnap or injure a person, and obstructing justice on May 21, 2010.[1] The judge sentenced Mr. Reed to eighty months in prison followed by five years of supervised release.[2] The United States Parole Board found Mr. Reed violated the terms of his supervised release and sent him to federal prison.[3] Mr. Reed then petitioned for habeas corpus relief at least once before, in 2011. Judge Robert Wilkins for the District Court of the District of Columbia dismissed his 2011 habeas petition for lack of jurisdiction. After being transferred to the Federal Detention Center in Philadelphia, Mr. Reed apparently figured he would try again with a different district court and petitioned us for habeas corpus relief under 28 U.S.C. § 2241.[4] Like Judge Wilkins, absent pleading he exhausted his remedies in the District of Columbia courts, we lack jurisdiction and dismiss his habeas petition in an accompanying Order.

**I.**     **Analysis**

Robert Andrew Reed petitions for habeas corpus relief challenging the jurisdiction of his incarceration under 28 U.S.C. § 2241. The United States argues we lack jurisdiction to consider Mr. Reed's petition as he is a prisoner of the District of Columbia, considered a state for habeas corpus purposes, and not a prisoner of the federal government. We agree with the United States.

In section 2241(c), Congress limits habeas relief to certain types of prisoners:

> (c) The writ of habeas corpus shall not extend to a prisoner unless—
> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States; or
> (4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or
> (5) It is necessary to bring him into court to testify or for trial.[5]

Mr. Reed's petition does not fall into one of the five categories providing us with jurisdiction to consider writs of habeas corpus under section 2241.

First, Mr. Reed is not "in custody under or by color of the authority of the United States" as required by section 2241(c)(1) because he is a state, not a federal, prisoner for habeas purposes. In *Madley v. United States Parole Commission*, the Court of Appeals for the District of Columbia Circuit held "a court of the District is a state court for purposes of [28 U.S.C.] section 2253(c)."[6] Section 2253 dictates when courts of appeals may review a district court disposition of a writ of habeas corpus.[7] Section 2253(c) provides courts of appeals may not review a district court decision without a certificate of appealability when "the detention complained of arises out of process issued by a State court."[8] Congress specified District of Columbia courts are state courts for certain purposes, such as certiorari and removal, but did not pass a statutory provision defining District of Columbia courts' roles as to the habeas statutes, 28 U.S.C. §§ 2241-2255.[9] In *Madley*, the Court of Appeals for the District of Columbia Circuit held the Superior Court of the District of Columbia acted as a "state court."[10]

2

In *Wilson v. United States Parole Commission*, our Court of Appeals agreed with the Court of Appeals for the District of Columbia Circuit, holding incarcerated persons who violate the District of Columbia Code are considered state prisoners under section 2253(c).[11] In *DeVaugh v. Dodrill*, our Court of Appeals rejected a prisoner's appeal from a denial of his writ of habeas corpus under section 2241 because the Superior Court of the District of Columbia sentenced him, rendering him a state prisoner.[12] "A prisoner challenging either the validity or execution of his state court sentence must rely on the more specific provisions of [section] 2254 and may not proceed under [section] 2241. For purposes of the federal habeas corpus statute, the Superior Court of the District of Columbia is a 'State court.'"[13]

Mr. Reed is a state prisoner because the Superior Court of the District of Columbia convicted him for violations of the District of Columbia Code.[14] Mr. Reed is not "in custody under… the authority of the United States" and cannot pursue a writ of habeas corpus under section 2241(c)(1).[15]

Second, the Superior Court of the District of Columbia convicted and sentenced Mr. Reed for violations of the District of Columbia Code, not for "an act done or omitted in pursuance of an Act of Congress" under section 2241(c)(2).[16]

Third, we cannot extend a writ of habeas corpus to Mr. Reed because, though he "is in custody in violation of the… laws… of the United States" under section 2241(c)(3), he failed to exhaust the local remedy required by the District of Columbia Code. In dismissing a previous petition filed by Mr. Reed, Judge Wilkins of the District Court for the District of Columbia cited lack of jurisdiction under section 2241(c)(3) because Mr. Reed failed to exhaust under the local remedy.[17] "A District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is inadequate or ineffective to test the legality of his decision."[18] For those convicted

3

under the criminal laws of the District of Columbia, the local remedy is a motion for relief under the District of Columbia Code section 23–110. Section 23-110 provides a mechanism for Mr. Reed to vacate, set aside, or correct his jail sentence "upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia…"[19] Mr. Reed did not plead he moved for relief under the District of Columbia Code section 23–110. Because he did not move for relief under section 23-110, he did not exhaust the local remedy and Section 2241(c)(3) does not provide jurisdiction over this claim.

Fourth, section 2241(c)(4) similarly does not provide jurisdiction for Mr. Reed's petition for habeas corpus. Mr. Reed cannot plead he is a foreign citizen.

Finally, section 2241(c)(5) does not allow us to provide relief to Mr. Reed because no court seeks Mr. Reed for his testimony or for trial.

## II.  Conclusion

Because we lack jurisdiction, we deny Mr. Reed's petition and dismiss the action in an accompanying Order.

---

[1] ECF Doc. No. 2 at 4; ECF Doc. No. 19 at 2.

[2] ECF Doc. No. 19 at 2.

[3] ECF Doc. No. 2 at 6; ECF Doc. No. 19 at 3.

[4] ECF Doc. No. 2 at 3.

[5] 28 U.S.C. § 2241(c) (2019).

[6] *Madley v. United States Parole Commission*, 278 F.3d 1306, 1308 (D.C. Cir. 2002).

[7] 28 U.S.C. § 2253 (2019).

[8] *Id.* at (c).

[9] *Madley*, 278 F.3d at 1308.

4

¹⁰ *Id.*

¹¹ *Wilson v. United States Parole Commission*, 652 F.3d 348, 351 (3d Cir. 2011).

¹² *DeVaughn v. Dodrill*, 145 Fed. Appx. 392, 394 (3d Cir. 2005).

¹³ *Id.*

¹⁴ *Madley*, 278 F.3d at 1310 ("We are persuaded that the better interpretation of the statutory phrase 'the detention complained of arises out of process issued by a State court' is that the language requires a COA when the prisoner's detention originated in state court process, even if a later decision of a parole board to deny parole or reparole is the more immediate cause of the prisoner's continuing detention, and of which more immediate cause the prisoner complains.").

¹⁵ In *Reed v. Berkebile*, 2011 WL 3847444, No. 11–1557 (D.D.C. Aug. 30, 2011), Judge Wilkins of the District Court for the District of Columbia denied Mr. Reed's earlier petition for a writ of habeas corpus under Section 2241. Judge Wilkins solely addressed Mr. Reed's petition under Section 2241(c)(3), implicitly rejecting the petition under all other subsections of Section 2241(c).

¹⁶ ECF Doc. No. 2 at 2.

¹⁷ *Reed v. Berkebile*, 2011 WL 3847444, No. 11–1557, at *1 (D.D.C. Aug. 30, 2011).

¹⁸ *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986) (internal quotation marks omitted).

¹⁹ D.C. Code § 23-110(a) (2019).